## COURT OF GENERAL SESSIONS — COUNTY OF NEW YORK.

### October, 1916.

## THE PEOPLE v. JOHN DEVINE.

(97 App. Div. 205.)

INDICTMENT—TRIAL—EVIDENCE—PERJURY—CODE CRIM. PRO., § 465(7).

Defendant and another were jointly indicted for assault. The co-defendant on a separate trial committed perjury by denying as a witness in his own behalf that he committed the crime, but he was convicted. On the trial of defendant his co-defendant as a witness for the prosecution testified that defendant committed the crime and gave false testimony exculpating himself. *Held*, that a motion by defendant for a new trial under section 465(7) of the Code of Criminal Procedure based on affidavits, one by his co-defendant stating that he committed perjury in implicating defendant; one by another stating that the co-defendant told the affiant that defendant had not committed the crime, and one by another whose testimony would be merely cumulative and not such as in the opinion of the court would have changed the verdict, will be denied.

MOTION for a new trial under subdivision 7 of section 465 of the Code of Criminal Procedure.

*John J. Halligan,* for motion.

*Alexander I. Rorke, Assistant District Attorney,* in opposition.

NOTT, J.:

Section 463 of the Code of Criminal Procedure provides that a new trial can be granted by the court *only* in the cases provided in section 465. Subdivision 7 of the latter section provides that a new trial may be granted " when it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as if before received would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence."

The principal affidavits produced in support of the motion are those of one John Connolly, Julia Helberg and Walter Maxwell. Connolly was jointly indicted with the defendant and was tried and convicted, taking the stand in his own behalf. On that trial he committed perjury by denying that· he committed the assault. On the trial of the defendant he was a witness called by the People and in that trial testified that the defendant committed the assault, but gave testimony exculpating himself, which was false upon any theory of the case now presented. He now in the moving affidavit alleges that he committed perjury in implicating the defendant. The jury that convicted him heard his testimony and disbelieved it, and in view of the further perjury he has concededly committed I do not think any jury would place any reliance on his testimony, and I do not think it would have changed the verdict rendered.

As to Julia Helberg, her testimony merely would be that Connolly told her that Devine had not committed the assault. What Connolly told her would not be competent evidence on the trial of Devine, especially if Connolly took the stand as a witness for the defendant. As to her statement that the complaining witness had told her that Devine was not guilty, it appeared on the trial that the complaining witness had so stated in the Magistrate's Court, his explanation now being that he was frightened into so testifying. Her statement, therefore, adds nothing to what already appears.

As for the affidavit of Maxwell, who was examined before me as a witness, pursuant to the provisions of subdivision 7 of section 465, it is sufficient to say that his testimony is cumulative, and after observing the witness on the stand his testimony was not such as in my opinion would have changed the verdict.

The motion, therefore, must be denied.

Motion denied.